**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 5 - 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PATRICIA ATKINS-PAYNE,

                Plaintiff,

-against-

**MEMORANDUM & ORDER**

14-cv-4066 (ENV)(LB)

SIDNEY ALTERMAN; ALTERMAN TRANSPORT
LINES SERVICING AGENT INC.; RAYMOND COTY;
MIKE BOHAM; MILTON WEINNER; JODI DOE;
JOHN M. KELLEY; OWEN SEYMOUR ARTHUR MP;
TRINSIC SPECTRUM BUSINESS; DIME SAVINGS
BANK; WASHINGTON MUTUAL F/K/A;
WASHINGTON MUTUAL FA; JP MORGAN CHASE
BANK; JANE CHONG; MARGARET VENTOUR;
ANTHONY JOHN DAVID; EILEEN O'DONNELL;
LINDA CHRISTOPHER; MR. & MS. ROLAND DAVID;
MR. & MS. DEBORAH ARMSTRONG; AKEIN DAVID;
MARLA DAVID; NDE DAVID; ADE DAVID; CASSIE
YOUNG; CAROL YOUNG; MONIQUE DAVID-
WILLIAM; BARBADOS NATIONAL BANK INC.;
REPUBLIC BANK LIMITED; 67 POLICE PRECINCT;
RAYMOND KELLEY; HSBC BANK; PRAA KARIN
OLANGE; NYC POLICE DEPARTMENT; JOHN DOE
FROM #1 THROUGH JOHN DOE #25; JANE DOE
FROM #1 THROUGH JANE DOE #25,

                Defendants.
-----------------------------------------------------------------x

VITALIANO, D.J.,

      Plaintiff Patricia Atkins-Payne filed this *pro se* action, on June 29, 2014, against various banks, individuals, and New York City, one of its police precincts, and its former Police Commissioner. Atkins-Payne's request to proceed *in forma pauperis* is granted, pursuant to 28 U.S.C. § 1915, solely for the purposes of this Order. For the reasons discussed below, the action is dismissed without prejudice, and plaintiff is granted leave to amend her complaint within 30 days of the docket entry of this Order

1

if she can do so in good faith.

## Background

Although the nature of plaintiff's action is difficult to discern from her 11-page complaint and the 170 pages of exhibits annexed to it, the allegation of the following facts can be gleaned. Evidently, plaintiff is the landlord of a rental property located at 1141 Hancock Street in Brooklyn, where she leased several apartments, for which at least part of the rent is paid by the City of New York. The rent, she alleges, was at times stolen by defendants Anthony David and Eileen O'Donnell, possibly in connection with an identity fraud scheme. Atkins-Payne attaches dozens of checks from New York City's Department of Social Services and handwritten accountings for rental properties over various years between 2001 and 2006, but these exhibits are not explained in the complaint. She further alleges, seemingly without relationship, that, in 1987, David Payne, her husband, was brutally assaulted by defendant Raymond Coty and suffered debilitating neurological damage as a result (some supporting medical records are included among her annexed exhibits). Additionally, plaintiff alleges that, in 2000, she and her family opened six accounts at the Dime Savings Bank, which subsequently, along with other banks, defrauded her of funds, as part of a conspiracy among various individuals and banks. She seeks $11 million in damages.

## Standard of Review

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive dismissal without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557. Additionally, a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

When a plaintiff proceeds without legal representation, the Court must regard that plaintiff's complaint in a more liberal light, affording her pleadings the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

I. Subject Matter Jurisdiction

Plaintiff, even though proceeding *pro se*, has the burden of establishing that the court has subject matter jurisdiction over the action she has filed. *Hamm v. U.S.*, 483 F.3d 135, 137 (2d Cir. 2007); *Ally v. Sukkar*, 128 Fed. Appx. 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural

3

and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted). Unlike state courts, "the federal courts are only empowered to hear cases specifically authorized by the Constitution or statute." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "The former is denominated 'Federal Question' jurisdiction, and the latter is denominated 'Diversity of Citizenship' jurisdiction." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). Failure of subject matter jurisdiction is not waivable and may be raised at any time, including by the court *sua sponte*. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). Where a court lacks subject matter jurisdiction, dismissal is mandatory. *Id.* (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)); *see also* Fed. R. Civ. P. 12(h)(3).

The Court may not exercise subject matter jurisdiction over Alter-Payne's complaint as presently stated. Even construing the complaint liberally, and notwithstanding that Atkins-Payne rattles off several federal statutes on page 4 of her complaint as conferring jurisdiction, the complaint itself alleges no facts to suggest that defendants violated plaintiff's constitutional rights or violated any federal statute. Nor is there diversity jurisdiction, since plaintiff and multiple defendants are residents of

4

New York. It is also worth noting that, to the extent that Atkins-Payne's grievance is, at bottom, a landlord-tenant dispute, federal courts do not have subject-matter jurisdiction over such matters. *Rosquist v. St. Marks Realty Assoc.*, LLC, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing cases). In any event, as currently stated, the complaint as against defendants must be dismissed because plaintiff fails to state a claim that would confer jurisdiction upon this court pursuant to its federal question or diversity jurisdiction. *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12 (h)(3)

II. <u>Failure to State a Claim</u>

Since the Court does grant leave to replead, it is important that plaintiff be advised that her complaint must be dismissed as well for the independent reason that it fails to comply with the dictates of Federal Rule of Civil Procedure 8. Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff alleges each did or failed to do and whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Here, plaintiff names over 80 defendants, but fails to provide facts connecting each of these defendants to a violation of plaintiff's federal rights. Several defendants are not

mentioned in the complaint at all. However, in light of plaintiff's *pro se* status, the Court grants her leave to cure these deficiencies, if she can, by amending her complaint within 30 days in a way that complies with Rule 8, in addition to stating a ground for federal subject matter jurisdiction. Of course, plaintiff is also free to use this grant of leave to pursue her grievances in the form of state law claims in a state court of general jurisdiction.

## Conclusion

For the foregoing reasons, the complaint is dismissed, but without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). Atkins-Payne is granted leave to amend her complaint within 30 days of the entry of this Order if she can do so in good faith. If plaintiff fails to file an amended complaint in this action within the time provided in this Order, this action will be dismissed with prejudice but solely as to its refiling in this Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 24, 2014

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge