UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

PATRICIA ATKINS-PAYNE,

    Plaintiff,

- against -

DIME SAVINGS BANK; WASHINGTON
MUTUAL F/K/A WASHINGTON
MUTUAL FA; JP MORGAN CHASE BANK;
JANE DOE CHONG; ANTHONY JOHN
DAVID; EILEEN O'DONNELL; LINDA
CHRISTOPHER; JOHN DOE FROM #1
TO JOHN DOE #10; JANE DOE
FROM #1 TO JANE DOE #10,

    Defendants.
───────────────────────────────X

MEMORANDUM
AND ORDER
14-CV-4066 (ENV)(LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 14 2015 ★
BROOKLYN OFFICE

VITALIANO, United States District Judge:

On June 29, 2014, plaintiff filed this *in forma pauperis* action *pro se* against various banks, individuals, New York City, one of its police precincts and its former Police Commissioner. By Order, dated August 24, 2014, the action was dismissed without prejudice and plaintiff was given 30 days to file an amended complaint that alleged a basis for this Court's subject matter jurisdiction and complied with Fed. R. Civ. P. 8. After several extensions of time to comply with the grant of leave, plaintiff filed a timely amended

1

complaint on March 6, 2015.[1] It is, however, deficient and it is dismissed for the reasons set forth below.

## Background

Plaintiff's original complaint failed to comply with the Federal Rules of Civil Procedure. It was confusing, naming over 80 defendants without stating factual allegations against nearly any of them, had almost two hundred pages of exhibits slap dash annexed to it that were not explained in the complaint, failed to give notice of the claims she wished to raise against specific defendants, and failed to state a claim that would confer jurisdiction upon the Court. *See* August 24, 2014 Order. The amended complaint is clearer, asserts a basis for jurisdiction, and names fewer defendants, but still raises more questions about its sufficiency than it answers, fails to give most of the defendants she has named notice of the claims against them, and fails to state a claim that confers jurisdiction on this Court.

The amended complaint, which completely replaces the original complaint, the nonconclusory factual allegations of which are assumed to be

---

[1] By Order, dated May 12, 2015, the Court granted plaintiff's request for an extension of time to file a second amended complaint by June 15, 2015, noting in its order that "[g]iven the large number of prior extensions granted to plaintiff, no further extensions of time will be entertained by the Court." Plaintiff did not file a second amended complaint nor seek relief from the Court's deadline. Instead, on June 10, 2015, plaintiff filed a request "for an order to hold further proceedings in this case in abeyance for 180 days" which, for reasons made clear below, is denied.

true for purposes of this motion, names three banks: Dime Savings Bank ("Dime"), Washington Mutual Bank ("Washington Mutual") and JP Morgan Chase Bank ("Chase"); four individuals: Jane Doe Chong, Anthony J. David, Eileen O'Donnell and Linda Christopher; and 20 "Doe" defendants, ten men and ten women. She alleges this Court has jurisdiction because the three bank defendants are "under the supervision of the Federal Deposit Insurance Corporation (FDIC), a United States government corporation operating as an independent agency created by the Banking Act of 1933." Chong, David and O'Donnell, employees of Dime or its successor banks Washington Mutual and Chase, assisted plaintiff with six bank accounts, opened in September 2000. Christopher notarized a February 2, 2004 document granting power of attorney to O'Donnell.

Atkin-Payne's lawsuit concerns rental property and, as best the Court can tell, makes allegations of theft of the rent due her. On August 3, 2001, Atkins-Payne purchased, for investment purposes, a three-family building in Brooklyn at 1141 Hancock Street ("1141 Hancock"). She alleges that David "affixed" his name to a certified check as required by the purchase agreement and then "gave her a ride to closing on the property." Atkins-Payne states that, while she did not then suspect him of any wrongdoing, David and O'Donnell later "deferred rental payments" for both 1141 Hancock and a

3

rental unit within her primary residence, 861 E. 46th Street, Brooklyn, to themselves. She alleges that, between August 18, 2001 and January 25, 2008, David and O'Donnell "cashed rental checks" for plaintiff's two rental properties. Those checks, she says, were issued to her by the New York City Human Resources Administration, Department of Social Services, to provide a rent supplement for tenants on public assistance. These checks total $351,000. (Copies of some of these checks are attached as Exhibit B to her amended complaint.)[2]

As to David, she further charges that he has "infiltrated her personal life," moving into the vacant rental unit in her home and assaulting her son. She also alleges that O'Donnell generated a fraudulent power of attorney notarized by defendant Christopher. Atkins-Payne filed 22 police reports regarding David's behavior, but was told by "NYPD Detective Hutchinson"

---

[2] The Court notes that other than two checks made out in August 2001 to David by tenants for a security deposit at an unspecified rental property and a money order payable to David for June 2003 rent at 1141 Hancock, (Amended Complaint at 17, 49), the record reflects no trace of David's involvement in any of the attached checks. The balance of the checks, *id.* at 18-121, were issued by the City to two payees for rent supplement for tenants who are on public assistance. According to legends on the checks, both payees must endorse them and only the second payee, that is, the tenant, may deposit the check. David is not a payee on any of the checks, nor does his name appear in the endorsement of any of the HRA checks; only plaintiff's name and that of the payee-tenant appear. As a result, the Court is not sure what plaintiff is alleging against David, much less does it discern any facts that would plausibly support a claim.

4

that she should not have granted power of attorney to O'Donnell. Atkins-Payne denies here that she granted the power.

With the dust settled, it appears that plaintiff raises three causes of action: (1) bank fraud purportedly under 18 U.S.C. § 1344; (2) breach of fiduciary duty by David and O'Donnell as agents of the banks; and (3) intentional infliction of emotional distress. She seeks damages.

## Standard of Review

Since the carousel has passed the brass ring once before when the Court considered and dismissed Atkins-Payne's original complaint, these rules should not come as news to her. A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of her claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive dismissal without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557. Additionally, a complaint that is "so confused, ambiguous, vague or otherwise

unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

The rules are leavened somewhat by the understanding that, when a plaintiff proceeds without legal representation, the Court must regard that plaintiff's complaint in a more liberal light, affording her pleadings the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (*per curiam*). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

## Discussion

### A. Subject Matter Jurisdiction

Every plaintiff has the burden of establishing that the court to which

she has brought her grievance has subject matter jurisdiction over the action she has filed. *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007); *Ally v. Sukkar*, 128 Fed. Appx. 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted). Unlike state courts, "the federal courts are only empowered to hear cases specifically authorized by the Constitution or statute." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "The former is denominated 'Federal Question' jurisdiction, and the latter is denominated 'Diversity of Citizenship' jurisdiction." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). The absence of subject matter jurisdiction is not waivable and may be raised at any time, including by the district court *sua sponte*. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

Where a court lacks subject matter jurisdiction, dismissal is mandatory. *Id.* (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)); *see also* Fed. R. Civ. P. 12(h)(3).

In the end, it is because of these limitations on the kinds of cases that can be heard in federal court that the Court cannot entertain Atkins-Payne's amended complaint. Specifically, there is no diversity of citizenship jurisdiction present since plaintiff and multiple defendants are residents of New York. Nor is there federal question jurisdiction over this action. Even construing the complaint liberally as alleging that defendants David and O'Donnell defrauded plaintiff of rental payments, and notwithstanding her citation to the FDIC and a federal criminal statute outlawing bank fraud, 18 U.S.C. § 1344, the amended complaint alleges no facts to suggest that defendants violated plaintiff's constitutional rights or violated any federal statute under which she has a private cause of action.

As to the bank fraud criminal statute to which plaintiff cites, 18 U.S.C. §1134, private citizens cannot instigate criminal prosecutions. Criminal prosecutions are within the exclusive province of the prosecutors who have unreviewable discretion over prosecutorial determinations. *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). The fact that the banks are insured by the FDIC is equally unavailing as a basis for a private right of action against

them or their employees. Even if Atkins-Payne had pointed to a particular FDIC regulation allegedly breached by the banks—and she has not—that breach would not create a private right of action in federal court against them (other than, perhaps, for an insurance claim after a bank failure). With respect to plaintiff's core claim—the alleged misappropriation of the proceeds of rent checks—the amended complaint cannot conjure a federal question basis for subject matter jurisdiction.

Of no help are the claims for negligence, contract, conversion, and intentional infliction of emotional distress as alleged in the amended complaint, all of which arise under state law and not federal law. *See, e.g., Reyes v. College of Science Admin. Rochester Institute of Technology*, No. 14-CV-6023L, 51 F. Supp. 3d 275, 278 (W.D.N.Y. 2014) (claim for intentional infliction of emotional distress is a state law claim); *Edwards v. Rockaway Storage. Inc.*, 30 Misc. 3d 1215(A), 924 N.Y.S.2d 308, 308 (Sup. Ct., Queens Cty. 2008) (claims of notarial misconduct in the performance of duties arise under New York Executive Law § 135); *see generally*, 9 N.Y. Jur. 2d Banks § 427; 60A N.Y. Jur. 2d Fraud and Deceit § 218. None of these causes of action confers subject matter jurisdiction on the Court.[3] *See Manway Constr. Co. v.*

---

[3] Even if it had jurisdiction to entertain it, the Court observes in passing that the amended complaint fails to comply with the dictates of Federal Rule of Civil Procedure 8 because it does not give adequate notice to each defendant

*Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12 (h)(3).[4]

Lastly, as for plaintiff's June 10, 2015 motion "for an order to hold further proceedings in this case in abeyance for 180 days" because she has a hand injury that limits her ability to litigate, that request is denied as academic. Since this action is dismissed by this Order, there is no action to be stayed and no action to litigate. Neither her complaint nor her amended complaint—even with the most liberal of interpretations—following multiple

---

of the claim against that defendant. *See Twombly v. Bell Atlantic*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

[4] Since the Court does not have original jurisdiction over any of plaintiff's claims, it has no supplemental jurisdiction to exercise or decline to exercise. Cf. 28 U.S.C. § 1367(c)(3); *Kolari v. N.Y.–Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006).
To the extent plaintiff may have state law claims against defendants, she may pursue them in a state court of appropriate jurisdiction. The Court makes no comment on the merit or timeliness of any of plaintiff's state law claims, but notes that a search of the civil cases pending in state court, https://iapps.courts.state.ny.us/webcivil/FCASSearch (last visited March 11, 2015), reveals that plaintiff initiated a claim there in 2010 alleging, among other things, fraud against many of the defendants she has named in the instant amended complaint, including the banks, David, Christopher and O'Donnell. *See Atkins-Payne v Branch*, Index No. 028395/2010, Supreme Court, Kings County; *Atkins-Payne v. Branch*, 95 A.D.3d 912, 944 N.Y.S.2d 269 (2d Dept. 2012) (statute of limitations must be pleaded as an affirmative defense and cannot be asserted *sua sponte* by the court as a basis for denying an unopposed motion for a default judgment).

extensions of time and opportunities to file—have stated a claim that would confer jurisdiction on this Court.

## Conclusion

Accordingly, the amended complaint filed *in forma pauperis* is dismissed for lack of subject matter jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and close this case.

So Ordered.

s/Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge

Dated:     Brooklyn, New York
              August 3, 2015